IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL BRIAN MCGRATH,<br>    Defendant-Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Plaintiff-Respondent. | §<br>§<br>§<br>§ No. 3:01-CR-0183-N<br>§(No. 3:04-CV-2193-N)<br>§<br>§ |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a motion to set aside, vacate or correct sentence filed pursuant to 28 U.S.C. § 2255.

Parties: Michael Brian McGrath ("McGrath" or "Movant") is a federal prisoner currently confined at the Federal Medical Center in Forth Worth, Texas. Respondent is the United States of America.

Statement of the Case: McGrath plead guilty to a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) on September 20, 2001. He was sentenced to 97 months in the penitentiary and five years of supervised release.

Movant's conviction was affirmed by the Fifth Circuit on March 27, 2003. *United States v. McGrath*, No.02-10114, 65 Fed. Appx. 508 (5th Cir. 2003). His petition for a writ of *certiorari* was denied on October 6, 2003. *McGrath v. United States*, 540 U.S. 919, 124 S. Ct. 315 (2003).



McGrath filed the instant habeas petition on October 8, 2004. The United States filed a response on March 21, 2005. Movant filed a reply on April 19, 2005.

Findings and Conclusions: In his first ground for relief, Movant contends that he was erroneously given a three level enhancement at the district court level pursuant to U.S.S.G. § 2D1.1.(b)(5)(B). His argument consists of two parts. In the first part, he states that the record reflects that none of the factors listed in U.S.S.G. § 2D1.1, application note 20 should apply to him. This application note references § 2D1.1(b)(5)(B) and (C)(2001), which provided enhancements for offenses which endanger the lives of others or the environment. Movant's allegation that theses sections are not applicable are wholly conclusory and thus fail to present a cognizable claim. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

In the second part of his argument, McGrath argues that applying this enhancement required the presiding judge to make a determination of facts that were not charged in the indictment, thus violating *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000) and *Blakley v. Washington*, 542 U.S. __, 124 S.Ct. 2531 (2004). The Fifth Circuit has held that Apprendi is "specifically limited to facts which increase the penalty beyond the statutory maximum, and does not invalidate a court's factual finding for the purpose of determining the applicable Sentencing Guidelines." *United States v. Doggett*, 230 F.3d 160, 166 (5th Cir. 2000), cert. denied, 531 U.S. 1177, 148 L. Ed. 2d 1014, 121 S. Ct. 1152 (2001); *see also United States v. Meshack*, 225 F.3d 556, 576-77 (5th Cir. 2000), cert. denied, 531 U.S. 1100, 148 L. Ed. 2d 716, 121 S. Ct. 834 (2001). Movant plead guilty to possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, the statutory maximum for which is 40 years. *See* 21 U.S.C. § 841(b)(1)(B)(viii). McGrath was

sentenced to 97 months confinement, or eight years and one month. Consequently, his sentence does not implicate Apprendi. *See United States v. Keith*, 230 F.3d 784, 787 (5th Cir. 2000), cert. denied, 531 U.S. 1182, 148 L. Ed. 2d 1023, 121 S. Ct. 1163 (2001) (*Apprendi* applies only to cases where sentence exceeds statutory maximum); *Doggett*, 230 F.3d at 165 (same).

On January 12, 2005, the Supreme Court decided *United States v. Booker*, __ U.S. __, 128 S.Ct. 738 (2005), which extended the Court's ruling in *Blakley* to the Federal Sentencing Guidelines. *Booker* applies to all cases pending on review and not yet final as of January 12, 2004. *See Booker*, 125 S.Ct. at 769 ('we must apply today's holdings ... to all cases on direct review"); *see also McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005)(*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which *Blakely v. Washington*, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004), came down, is the appropriate dividing line; *Blakely* specifically reserved any decision about the status of the Federal Sentencing Guidelines, *see id.* at 2538 n.9, so *Booker* itself represents the establishment of a new rule about the federal criminal justice system. Petitioners' convictions and sentences became final well before the *Booker* opinion was issued, and therefore it does not apply in the context of collateral proceedings.); *Green v. United States*, 397 F.3d 101, 103 (2nd Cir. 2005)("neither *Blakely* nor *Booker* establishes a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review"); *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005)(same); *Arvizo-Pena v. Medellin*, 2005 WL 734996 *1 (N.D. Tex. Mar 31, 2005)(Cummings, J.)(relying on the above cases to determine that neither *Booker* or *Blakley* applies retroactively on collateral review); *United States v. Jordan*, 2005 WL 598449 *1 (N.D. Tex. Mar. 10, 2005)(McBride, J.)(holding that *Booker* does

3

not apply retroactively on collateral review). Therefore Movant's arguments on this ground are foreclosed as well.

RECOMMENDATION:

Movant has failed to show that he is entitled to relief pursuant to 28 U.S.C. § 2255. It is therefore recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Movant and to counsel for Respondent.

**SIGNED** this 21st day of April, 2005.

*Wm. F. Sanderson Jr.*

---

Wm. F. Sanderson Jr.
United States Magistrate Judge

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and

conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.